# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| MULTIQUIP, INC., a California Corporation<br><br>  Plaintiff/Counterdefendant,<br><br>vs.<br><br>WATER MANAGEMENT SYSTEMS LLC, a Minnesota Limited Liability Company; DAVID MUHS and DIANN MUHS, Husband and Wife; AND JOHN DOES I-X;<br><br>  Defendants/Counterclaimants | Case No.:  CV 08-403-S-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION FOR IN PERSON CASE MANAGEMENT CONFERENCE WITH THE COURT**<br><br>**(Docket No. 130)** |

Currently before the Court is Plaintiff's Motion for In Person Case Management Conference with the Court (the "Motion") (Docket No. 130).  Having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## DISCUSSION

Pursuant to the June 5, 2009 Scheduling Order (Docket No. 104), all non-dispositive pretrial matters are referred to U.S. Magistrate Judge Ronald E. Bush.  On July 2, 2009, the undersigned requested a joint status report in an "attempt[ ] to determine which of the [referred] motions remain appropriate for the Court's consideration."  *See* Request for Joint Status Rpt., pp. 1-2 (Docket No. 125).  The parties' subsequent submissions brought about Plaintiff's Motion.

**MEMORANDUM DECISION AND ORDER - 1**

What appeared, in the Court's mind, as a straightforward task of mutually identifying pending motions and their order of resolution, regrettably blossomed into an opportunity for counsel to highlight their disagreements, as evidenced by the parties' July 10, 2009 Joint Status Report.  *See* Joint Status Report (Docket No. 129).  Without assigning responsibility to this unfortunate turn of events, the Court is disappointed that the parties were not able to reach a consensus and suggests that all parties focus on being cooperative with respect to moving the case forward procedurally.

Nonetheless, the parties' contributions to date provide the Court with enough information to move forward.  Therefore, there is no need for an in person case management conference at this time; Plaintiff's Motion is denied.  However, if at some point, the Court concludes that one party is being unnecessarily difficult and obstinate, such conduct will factor into the Court's decision(s) when awarding sanctions/fees/costs.

## ORDER

Based upon the foregoing, Plaintiff's Motion for In Person Case Management Conference with the Court (Docket No. 130) is DENIED.

DATED: **September 10, 2009**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 2**