UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| MULTIQUIP, INC., a California Corporation<br><br>　　　　Plaintiff/Counterdefendant,<br><br>　　vs.<br><br>WATER MANAGEMENT SYSTEMS LLC, a Minnesota Limited Liability Company; DAVID MUHS and DIANN MUHS, Husband and Wife; AND JOHN DOES I-X;<br><br>　　　　Defendants/Counterclaimants | Case No.: CV 08-403-S-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**(Docket No. 60)** |

　　　　Currently before the Court is Plaintiff's Motion to Strike Defendants' Motion for Partial Summary Judgment (the "Motion") (Docket No. 60). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

### INTRODUCTION

　　　　The factual and procedural backgrounds have already been incorporated into the Court's July 29, 2009 Memorandum Order (Docket No. 135); with that in mind, there is no need to repeat such information now.

　　　　Generating the issue here are Defendants' counterclaims and corresponding Motion for Partial Summary Judgment (Docket No. 44). Specifically, in response, Plaintiff moves this Court for an order either striking outright or staying Defendants' Motion for Partial Summary Judgment. *See* Mot. to Strike Mot. for Partial Summ. J., p. 2 (Docket No. 60). The undersigned has been assigned all non-dispositive pretrial matters (Docket No. 104); accordingly, this Court

**MEMORANDUM DECISION AND ORDER - 1**

cannot rule upon Defendants' Motion for Partial Summary Judgment. Therefore, Plaintiff's request in this respect is denied.[1] Thus, the Court is tasked only with determining whether Defendants' Motion for Partial Summary Judgment should be stayed or, put another way, whether Plaintiff's response to Defendants' Motion for Partial Summary Judgment should be continued.

Plaintiffs argue that a stay/continuance is necessary, in part, "[t]o determine the breadth of the . . . issue[s] in this case[,] requir[ing] at least the analysis of a large number of emails, associated documents[,] and statements of at least six witnesses that participated in the formation of the Interim Oral Agreement." *See* Mem. in Supp. of Mot. to Strike Mot. for Partial Summ. J., p. 3 (Docket No. 61) ("Discovery has not taken place in the case therefore Plaintiff does not have the essential facts currently in Defendants' possession necessary to defend against Defendants' Motion for Partial Summary Judgment."). Defendants disagree, arguing that (1) Plaintiff's counsel's historical involvement in the underlying action, (2) Plaintiff's related allegations within its Complaint and Amended Complaint, and (3) Plaintiff's access to "an extensive collection of email and email archives" combine to compel the Court's consideration of its Motion for Partial Summary Judgement without delay. *See* Resp. to Mot. to Strike, pp. 5-28 (Docket No. 72).[2]

---

[1] Plaintiff offers no compelling authority for striking a premature motion for summary judgment. Instead, it would seem that a motion for summary judgment, filed within 20 days of the commencement of the action in violation of FRCP 56(a), can and should be dealt with under FRCP 56(f).

[2] Defendants and their local counsel are reminded that memoranda in support of or in opposition to a motion shall not exceed 20 pages in length. *See* Dist. Idaho Loc. Civ. R. 7.1. Without leave of the Court, Defendants' 32-page response violates this District's Local Rules. Moreover, other briefing submitted by Defendants similarly appears to be beyond the Court's

**MEMORANDUM DECISION AND ORDER - 2**

## DISCUSSION

FRCP 56(f) provides that, if a party opposing summary judgment demonstrates a need for further discovery in order to obtain facts essential to justify the party's opposition, the trial court may deny the motion for summary judgment or continue the hearing to allow for such discovery. *See* Fed. R. Civ. P. 56(f). The decision to postpone ruling on a summary judgment motion in order to allow additional time for discovery is in the sound discretion of the Court. *Citicorp Real Estate Inc. v. Smith*, 155 F.3d 1097, 1102 (9th Cir. 1998).

Preliminarily, the Court will not consider Plaintiff's counsel's institutional knowledge of his client, specifically, and this case, generally, as meriting the denial of Plaintiff's Motion. Such a situation is not unique. An attorney's good fortune in representing the same or a similar client over an extended period of time does not necessarily transform him into an omniscient agent, capable of responding to a motion for summary judgment without the benefit of additional discovery. *But cf.* Resp. to Mot. to Strike, p. 5 (Docket No. 72) ("[Plaintiff's counsel] is without a doubt well familiar with the personnel and operations of Multiquip's Whiteman division in Boise, Idaho."). Likewise, an attorney's historical involvement leading up to and during a case cannot operate as a *de facto* argument against needing time to discover the basis for *another* party's claims and corresponding defenses. *But cf. id.* at 6 ("Further, there is nothing new or unforeseen to Plaintiff or its counsel in *this* case. [Plaintiff's counsel] has now been actively involved for over three and one-half years in transactions which underlie this case. The parties

---

page limitation requirement. The Court will consider the overlength memorandum pertaining to this motion, but Defendants must in the future move this Court for leave to file an excessive-length brief or the Court will consider striking from consideration those pages constituting a violation of Local Rule 7.1.

first began the negotiations in late 2005. [Plaintiff's counsel] and his law firm were participants in the dealings between the parties from the start."). Having said this, these factors may apply to challenge the extent of Plaintiff's alleged need for more discovery before responding to Defendants' Motion for Partial Summary Judgment.

Defendants' Motion for Partial Summary Judgment consists of several interrelated components: (1) a motion for judgment as a matter of law concerning Defendants' Breach of Oral Agreement counterclaim pursuant to FRCP 56, and (2) a motion to establish, as a matter of law, certain material facts pursuant to FRCP 56(d)(1), including (a) the material terms of the oral contract at issue, (b) the validity and enforceability of certain federally-registered trademarks, and (c) the existence, validity, and enforceability of a confidential disclosure agreement. *See* Defs.' Mot. for Partial Summ. J., pp. 3-4 (Docket No. 44). As to each of these issues, Plaintiff claims to be unable to respond to Defendants' Motion for Partial Summary Judgment, arguing:

> To determine the breadth of the Interim Oral Agreement at issue in this case requires at least the analysis of a large number of emails, associated documents and statements of at least six witnesses that participated in the formation of the Interim Oral Agreement.
> ...
> Plaintiff is unable to contest the invalidity and/or unenforceability of these marks without access through discovery of Defendants' materials pertaining to each of these marks. . . . . Plaintiff requires access to Defendants' emails and documents relating to the marks to determine if Defendants have permission to re-badge these pumps with their alleged marks. . . . . Additionally, the alleged common law marks Hi-Flow and High Flow are descriptive marks that require secondary meaning. The evidence proving or disproving the acquisition of secondary meaning of these marks as well as use to establish a common law mark is in the possession of the Defendants.
> ...
> Plaintiff is unable at this time to present facts essential to its opposition of the Motion for Summary Judgment that there is no valid, enforceable confidential disclosure agreement between the parties as discovery has not taken place.

**MEMORANDUM DECISION AND ORDER - 4**

> Furthermore, without being able to establish or deny these facts, Plaintiff is unable to oppose Defendant's motion that Plaintiff breached said alleged agreement. Plaintiff does not have access to emails, documents, and other information in Defendants' possession that shows material misrepresentations and fraudulent inducement to enter into a confidential disclosure agreement regarding the validity, value, and ownership of the information Defendants represented to Plaintiff in inducing Plaintiff to enter into a confidential disclosure agreement.

*See* Mem. in Supp. of Mot. to Strike Mot. for Partial Summ. J., pp. 3-5 (Docket No. 61); *see also* Decl. of Frank Dykas, ¶¶ 3-5 (Docket No. 62).

Defendants allege that Plaintiff overstates its need for additional discovery, countering that Plaintiff's evidentiary support for the allegations raised in its *own* Complaint and Amended Complaint should be sufficient to oppose Defendants' Motion for Partial Summary Judgment. *See* Resp. to Mot. to Strike, p. 10 (Docket No. 72) ("If the allegations in Plaintiff's Complaint were made in good faith, and based on a colorable factual basis, then Plaintiff should not need to now go on a multi-month expedition for facts to support its claims. Instead, it could simply set forth the factual basis underlying its claims in one of the many ways provided under the Rules, and survive the motions."). Moreover, Defendants claim that Plaintiff's counsel has already represented that he had access to the emails and witnesses to the claims made in the Complaint and Amended Complaint such that, again, more time should not be needed to respond to Defendants' Motion for Partial Summary Judgment. *See id*. at pp. 14-15 ("If counsel was speaking truthfully about these matters, then Plaintiff should already have more than it needs to meet its burden of responding to the pending Motion for Partial Summary Judgment.").

In many respects, Defendants' Motion for Partial Summary Judgment speaks to matters already raised within Plaintiff's Complaint and Amended Complaint. *See id*. at pp. 7-14. With this in mind, the Court is reluctant to find Plaintiff wholly incapable of responding to Defendants

**MEMORANDUM DECISION AND ORDER - 5**

summary judgment efforts. However, it cannot be said (as Defendants do in their briefing) that Defendants' Motion for Partial Summary Judgment "tracks" the allegations in Plaintiff's Complaint and Amended Complaint (*see id*. at p. 7); if that were the case, Defendants may very well have been content moving for summary judgment on Plaintiff's claims, not their own counterclaims. For this reason, therefore, the Court is similarly reluctant to find that Plaintiff is able to respond fully and adequately to Defendants' Motion for Partial Summary Judgment without additional time. In other words, the Court is confident that Plaintiff and Defendants have highlighted the outer boundaries of Plaintiff's ability to respond to the arguments raised within Defendants' summary judgment briefing - the reality, however, likely lies somewhere in between these two positions.

Fortunately, given how this case has procedurally shaken out, the Court does not need to resolve this dispute here. On March 5, 2009, Defendants filed their Counterclaims and Third-Party Complaint (Docket No. 38); on March 16, 2009, Defendants moved for partial summary judgment (Docket No. 44); and, on April 7, 2009, Plaintiff moved to strike Defendants' Motion for Partial Summary Judgment (Docket No. 61). Because Plaintiff has not yet responded to Defendants' Motion for Partial Summary Judgment, Plaintiff has, in essence, already enjoyed the benefit of a six-month extension of time to respond - arguably exactly what it was seeking when it moved to strike/stay Defendants' Motion for Partial Summary Judgment in early April 2009. Since then, despite the July 18, 2010 discovery deadline (*see* Scheduling Order, p. 2 (Docket No. 104)) , Plaintiff has presumably engaged in the discovery it claims is necessary - particularly when considering the upcoming, October 31, 2009 ADR conference deadline (*see id*.). As a result, Plaintiff already has received the remedy it seeks because the Court has not reached the

**MEMORANDUM DECISION AND ORDER - 6**

merits of its Motion until now.  Plaintiff's Motion is formally granted here - but not without limitation.

Because Plaintiff's response to Defendants' Motion for Partial Summary Judgment has already been extended by more than six months (*see supra* at p. 6), any significant additional extension does not appear to be warranted or necessary, particularly when considering that some of the facts necessary to oppose Defendants' arguments may already reside within Plaintiffs and/or Plaintiff's counsel's possession (*see id.* at p. 5), notwithstanding any discovery that has taken place in the meantime.  These factors combine to require that Plaintiff's response to Defendants' Motion for Partial Summary Judgment take place sooner rather than later.  Therefore, Plaintiff shall respond to Defendants' Motion for Partial Summary Judgment on or before November 30, 2009.[3]

## ORDER

Based upon the foregoing, it is HEREBY ORDERED that Plaintiff's Motion to Strike Defendants' Motion for Partial Summary Judgment (Docket No. 60) is GRANTED in part and DENIED in part, as follows:

1. Plaintiff's request that Defendants' Motion for Partial Summary Judgment be stricken is DENIED;

---

[3] This ruling is consistent with the general preference in this District that parties be allowed to complete the discovery necessary to make their best case such that actions get decided on the merits whenever possible.  *See Mangum v. Action Collection Serv., Inc.*, 2006 WL 2224067 (D. Idaho 2006) ("It is generally the rule in the Ninth Circuit that where a summary judgment motion is filed so early in the litigation that a party has not had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should freely grant a Rule 56(f) motion.  In essence, district courts are expected to generously grant Rule 56(f) motions as a matter of course when dealing with litigants who have not had sufficient time to develop affirmative evidence." (Internal citations omitted)).

**MEMORANDUM DECISION AND ORDER - 7**

2. Plaintiff's request Defendants' Motion for Partial Summary Judgment be stayed is GRANTED. Plaintiff's response to Defendants' Motion for Partial Summary Judgment is now due on or before November 30, 2009.



DATED: **October 26, 2009**

Honorable Ronald E. Bush
U. S. Magistrate Judge