UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| MULTIQUIP, INC., a California Corporation<br><br>    Plaintiff/Counterdefendant,<br><br>vs.<br><br>WATER MANAGEMENT SYSTEMS LLC, a Minnesota Limited Liability Company; DAVID MUHS and DIANN MUHS, Husband and Wife; AND JOHN DOES I-X;<br><br>    Defendants/Counterclaimants | Case No.: CV 08-403-S-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: MULTIQUIP, INC.'S MOTION TO ALLOW FILING OF SUBSTITUTE TRANSLATION**<br><br>**(Docket No. 102)** |

Currently pending before the Court is Multiquip Inc.'s Motion to Allow Filing of Substitute Translation (the "Motion) (Docket No. 102). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

PRELIMINARY STATEMENT

This Motion relates to an exhibit offered in support of Plaintiff's Motion for Protective Order (Docket No. 67) - specifically, portions of a 52-page declaration from Gianfranco Parma, a non-party. Within the parties' Joint Status Report (Docket No. 129), however, Defendants argue that the Motion for Protective Order and all related motions are no longer pending as a result of a stipulation reached between the parties. *See* Joint Status Rpt., p. 4 (Docket No. 129) ("The parties earlier reached a stipulation that moots the Motion for Protective Order, and all associated filings."). Plaintiff disputes the existence of any such stipulation. *See* Reply in Supp.

**MEMORANDUM DECISION AND ORDER - 1**

of Mot. for In-Person Case Mgmt. Conf., p. 3 (Docket No. 137) ("Defendants' cited emails do not show that Plaintiff and Defendants reached a stipulation . . . ."; "The emails do not evidence that Plaintiff's counsel and Defendants' counsel entered into the agreement."; "Plaintiff did not enter an agreement . . . .").

The correspondence Defendants offer in support of any stipulation between the parties is not convincing. It is clear that, whatever the perceived understanding was between the parties as to ex parte contact with Mr. Parma, no formal agreement/stipulation was ever reached, let alone entered into. *See, e.g.,* 6/2/09 e-mail from Dykas to Thompson, attached as Ex. A to Thompson Decl., ¶ 3 (Docket No. 136, Atts. 2 &3) ("As long as you file motions like that, I cannot agree to what you propose. . . . . So the answer is no, I will not agree."). Moreover, no stipulation was ever filed with the Court and, likewise, the Motion for Protective Order has not been withdrawn.

With all this in mind, it would appear that the Motion for Protective Order and all related filings, including the instant Motion, remain pending before the Court.

## BACKGROUND

Following Plaintiff's Motion for Protective Order (Docket No. 67), Defendants filed a Motion to Exclude Evidence,[1] raising two objections to the selected portions of a translated declaration offered in support of Plaintiff's efforts to secure a protective order: (1) the translation was not properly authenticated; and (2) the full translation of the declaration was not provided to either the Court or counsel. *See* Mem. in Supp. of Mot. to Exclude Evidence, p. 3 (Docket No.

---

[1] Defendants' Motion to Exclude Evidence (Docket No. 87) contains five separate motions; only Motion Nos. 1-3 relate to the translated declaration from Mr. Parma. Therefore, this Memorandum Decision and Order relates only to Motion Nos. 1-3; a separate Memorandum Decision and Order will address Motion Nos. 4 & 5.

**MEMORANDUM DECISION AND ORDER - 2**

87, Att. 2) ("Multiquip has supplied translated pages from only certain portions of this extensive document. The translation is not properly attested to, the translator's credentials are not properly established, and the purported translation is therefore not admissible evidence."). In addition to formally opposing Defendants' Motion to Exclude (*see* Mem. in Opp. to Mot. to Exclude Evidence (Docket No. 100)), Plaintiff also separately submits the instant Motion (Docket No. 102), "seeking to fulfill the Defendants' theory of the law regarding authentication of translations." *See id*. at p. 2.

According to Plaintiff, its request to allow the substitution of Mr. Parma's declaration is made in response to Defendants' authentication arguments, stating:

> The translation accompanying the Plaintiff's Motion to Allow Substitute Translation is a translation of the same Italian declaration of Gianfranco Parma, the translation is identical to the first translation, and the same translator translated and authenticated the document in accordance with Defendants' view on authenticating translations. The translation is submitted to clear up any of Defendants' concerns regarding the authentication of the previous translation.

*See id*. at p. 3. Notably, Defendants offer no response to Plaintiff's attempt to file a substitute translation in support of its Motion for Protective Order.

## DISCUSSION

It would seem that there is no reason to reject Plaintiff's arguments in favor of substituting out the original translated declaration for the more complete translation - offered as Exhibit A in support of Plaintiff's Motion to Allow Filing of Substitute Translation. Not only does it address the authentication concerns raised within Defendants' Motion to Exclude, it also is not opposed by Defendants themselves. With all this in mind, Plaintiff's Motion to Allow Filing of Substitute Translation (Docket No. 102) will be granted.

**MEMORANDUM DECISION AND ORDER - 3**

However, granting Plaintiff's Motion leaves Defendants' second argument - that the submitted portions of Mr. Parma's declarations are incomplete under FRE 106 - unresolved. According to Defendants, Plaintiff (1) "apparently has a full English translation of the Parma Declaration"; (2) "has chosen to only share a limited portion of that document with the Court and defendant"; and (3) "must, upon the request of defendant[,] produce and introduce the remainder of the document." *See* Mem. in Supp. of Mot. to Exclude Evidence, p. 14 (Docket No. 87, Att. 2). Defendants arguments are not persuasive under the circumstances presented here.

It is undisputed that Defendants have, in fact, received a full copy of Mr. Parma's 52-page declaration, albeit in Italian. Had Plaintiff originally supplied only select portions of Mr. Parma's declaration, Defendants' argument regarding the obligations imposed by FRE 106 may possibly apply; but that is not what happened here. Instead, both Plaintiff and Defendant are armed with an untranslated copy of the entire declaration. The fact that Plaintiff only chose to translate particular paragraphs is its own decision to make,[2] while likewise providing Defendants with their respective opportunity to counter-translate those portions of the declaration they feel are relevant to oppose Plaintiff's Motion for Protective Order. *See, e.g.*, *Cook v. Volkswagen of America, Inc.*, 101 F.R.D. 92 (S.D. W. Va. 1984) (denying plaintiffs' motion to compel defendants to produce English translations of its documents, recognizing that "'[i]t is generally

---

[2] Plaintiff contends (although not through a separate declaration or affidavit) that it "has not obtained a full translation of the entire Parma declaration as the full translation costs several thousand dollars. The subsequent un-translated 48 pages of the Parma declaration, beginning with paragraph 22, pertain to translations of the claims of the non-provisional patents at issue in the case and are not relevant to the current issue at hand." *See* Mem. in Opp. to Mot. to Exclude Evidence, p. 9 (Docket No. 100). If Plaintiff had a full English translation of the Parma declaration already in hand, the analysis and result might differ; but the record does not indicate that such a full translation exists.

**MEMORANDUM DECISION AND ORDER - 4**

assumed . . . that each party is to bear the 'ordinary burden of financing [their] own suit.'" (Internal citations omitted)).  Simply put, absent any mutual agreement between the parties, Defendants offer no justification for Plaintiff to fund another party's translation expenses, particularly when dealing with a non-party's declaration.

By granting Plaintiff's Motion, Motion Nos. 1-3 within Defendants' Motion to Exclude (*see supra* at p. 2, fn. 1) appear to also be resolved.  Motion No. 1 seeks to exclude outright the abbreviated, 11-page declaration; Motion No. 2 seeks, alternatively, to require Plaintiff to produce the entire English language translation of Mr. Parma's declaration; and Motion No. 3 requests "leave to file a [s]upplemental [r]esponse [to Plaintiff's Motion for Protective Order] based on any relevant evidence found in the remaining 41 pages of the Parma declaration." *See* Mot. to Exclude Evidence, p. 3 (Docket No. 87).  Although each of these motions to exclude are rendered moot through this Memorandum Decision and Order, fairness compels this Court to allow Defendants leave to file a limited, supplemental response to Plaintiff's Motion for Protective Order, accounting for the admitted declaration excerpts, as well as giving Defendants an opportunity to secure the balance of the declaration's translation in order to oppose Plaintiff's Motion for Protective Order.

Still, given the amount of time Defendants have been in receipt of the entire declaration, any additional time to respond to Plaintiff's Motion for Protective Order is justifiably restricted in time and scope.  On or before December 7, 2009, Defendants may (but are not required) to file a supplemental response, not to exceed five pages in length.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Multiquip Inc.'s unopposed Motion to Allow Filing of Substitute Translation (Docket No. 102) is GRANTED.  Additionally,

**MEMORANDUM DECISION AND ORDER - 5**

Defendants' Motion to Exclude Evidence, individual Motion Nos. 1-3 (Docket No. 87) is/are DENIED as moot. Regardless, on or before December 7, 2009, Defendants are permitted to file a supplemental response to Plaintiff's Motion for Protective Order, not to exceed five pages in length.



DATED: **November 30, 2009**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 6**