## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MULTIQUIP INC., a California Corporation, ) | |
| ) | |
| Plaintiff, ) | Case No. CV 08-403-S-EJL |
| ) | |
| v. ) | **MEMORANDUM ORDER** |
| ) | |
| WATER MANAGEMENT SYSTEMS LLC, ) | |
| a Minnesota Limited Liability Company; ) | |
| DAVID MUHS and DIANN MUHS, Husband ) | |
| and Wife; and JOHN DOES I–X; ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| | |
| WATER MANAGEMENT SYSTEMS LLC, ) | |
| a Minnesota Limited Liability Company; ) | |
| DAVID MUHS and DIANN MUHS, ) | |
| ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| ITOCHU INTERNATIONAL, INC.; and ) | |
| ITOCHU CORPORATION, ) | |
| ) | |
| Third-Party Defendants. ) | |
| _____) | |

Pending before the Court in the above-entitled matter is the Defendants' motion for preliminary injunction. Defendants seek an injunction preventing Plaintiff from divulging or disseminating any of Defendants' confidential proprietary information, continuing to infringe on Defendants' intellectual property rights, and ordering that Plaintiffs return or destroy all infringing parts and release all patterns and molds in their possession to the

Memorandum Order - 1

Defendants. The parties have filed their responsive briefing and the matter is now ripe for the Court's consideration.

Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1.

## Standard of Law

A preliminary injunction is not a preliminary adjudication on the merits, but a device for preserving the status quo and preventing the irreparable loss of rights before judgment. Textile Unlimited, Inc. v. A..BMH Co., Inc., 240 F.3d 781 (9th Cir. 2001) (citing Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). They are governed by Federal Rule of Civil Procedure 65(a). While courts are given considerable discretion in deciding whether a preliminary injunction should enter, injunctive relief is not obtained as a matter of right and it is considered to be an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. See Sampson v. Murray, 415 U.S. 61 (1974); Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R. Co., 363 U.S. 528 (1960); and Stanley v. Univ. of Southern California, 13 F.3d 1313 (9th Cir. 1994).

Until recently the preliminary injunction standard in the Ninth Circuit was that a party is entitled to a preliminary injunction when it can demonstrate either: (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits, where the balance of hardships tips sharply in the movant's favor.  GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1204-05 (9th Cir. 2000).  The Supreme Court, however, recently found the Ninth Circuit's standard of the "possibility of irreparable harm" was too lenient and held that the moving party must demonstrate that irreparable injury is "likely in the absence of an injunction."  Winter v. Natural Resources Defense Council, ___ U.S. ___, 129 S.Ct. 365, 375 (2008).  "Issuing a preliminary injunction based only a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Id. at 375-76 (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam)).  Because a preliminary injunction is an extraordinary remedy, "[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'"  Id. at 376 (citing Amoco Production Co. v. Gambell, 480 U.S. 531, 542 (1987)).  "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction."  Id. at 376-77 (citations and quotations omitted).  Thus, no longer are plaintiffs granted the presumption of irreparable harm upon a showing of a likelihood of success on the merits.  Instead, plaintiffs seeking a preliminary injunction must establish they are likely to succeed

Memorandum Order - 3

on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Jacobsen v. Katzer, 609 F.Supp.2d 925, 936 (N.D. Cal. 2009). The Ninth Circuit recently recognized the applicability of the Winter decision in this Circuit and stating the rule as: "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." See American Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir 2009) (quoting Winter, 129 S.Ct. at 374). This Court will apply the standard articulated in Winter and recognized in this Circuit.

**Factual and Procedural Background**

The Plaintiff, Multiquip, Inc., filed its Complaint in this matter on September 22, 2008 against the Defendants Water Management Systems, LLC and David and Diann Muhs (collectively "WMS/Muhs") alleging breach of contract, fraud, intentional misrepresentation, conversion, and related claims. (Dkt. No. 1). Multiquip is a manufacturing facility located in Boise, Idaho which manufactures, sells, and distributes a wide range of industrial and construction equipment. (Dkt. No. 1). Mr. and Mrs. Muhs are husband and wife residing in Minnetonka, Minnesota who own and operate WMS which is in the business of manufacturing and/or assembling, renting, and selling trailerable engine-powered water pumps. The claims here relate to several patents, trademarks, and copyrights for the water pumps belonging to WMS/Muhs and the trademark name INSTAPRIME.

In 2002, the Muhs approached Multiquip about selling their interest in WMS including the

intellectual property associated with the water pumps. The parties did not reach an agreement at that time. The parties again undertook negotiations in 2005 regarding the sale and/or licensing of the proprietary information for the water pumps held by WMS/Muhs. During the 2005 negotiations, Multiquip alleges the parties entered into certain agreements which WMS/Muhs has now breached. (Dkt. No. 1). Multiquip alleges that WMS/Muhs failed to disclose enough information to allow Multiquip to quickly began producing commercial, trailerable engine-powered water pumps as they had promised. Instead, Multiquip argues the information originated from pre-existing Italian parts and was not confidential or proprietary in nature but, instead, could be found in the public domain and was of no economic value. (Dkt. No. 1). Multiquip alleges WMS/Muhs made fraudulent misrepresentations regarding the proprietary information and that Multiquip undertook efforts in reliance on those misrepresentations.

Multiquip further contends it entered into an agreement where by it agreed to pay WMS/Muhs $10,000 per month for interim use of the intellectual property and the assistance of Mr. Muhs to design, develop, and sell the water pumps. Multiquip paid in excess of $240,000.00 under the terms of the second agreement until January, 2008 when it stopped payments. (Dkt. No. 1, p. 7-8). Multiquip also alleges WMS/Muhs sold a water pump to a third-party in contravention of their agreements. Ultimately the parties reached an impasse in their relationship with Multiquip terminating further negotiations and WMS/Muhs issuing a cease and desist letter. As a result, Multiquip has filed this lawsuit seeking a declaratory judgment that they have not infringed on any patents, copyrights, and/or trademarks owned by WMS/Muhs. The complaint further seeks damages for intentional misrepresentation and fraud, breach of contract, and conversion. (Dkt. No. 1).

On March 5, 2009, WMS/Muhs filed an answer to Multiquip's complaint and third-party

complaint against Multiquip, ITOCHU International, Inc. ("ITOCHU"), and Itochu Corporation of Japan ("Itochu-Japan") who are the parent and grandparent corporations of Multiquip. (Dkt. No. 38). The third-party complaint was later dismissed by the Court as to ITOCHU and Itochu-Japan. (Dkt. No. 135). The counterclaims that remain against Multiquip are for breach of the oral agreement, breach of the confidentiality agreements, patent infringement, trademark infringement, quantum meruit, unfair competition and misappropriation, conversion, injunctive relief, and enhanced damages. (Dkt. No. 38). On March 13, 2009, WMS/Muhs filed a motion for TRO which was denied. (Dkt. No. 50). The Court later deemed the WMS/Muhs' motion for reconsideration of the denial of the TRO to be a motion for preliminary injunction and set a briefing schedule. (Dkt. No. 99). The Court now takes up this motion.

## Analysis

In the present motion for preliminary injunction, WMS/Muhs continue their argument that the materials and information in question are undisputably their confidential proprietary information and Multiquip has admitted to breaching the parties agreements and, therefore, the Court should enter the preliminary junction to enforce the agreements. The Court disagrees. The dispute between the parties in this case revolves around the alleged intellectual property rights of WMS/Muhs. Central to the claims on both sides is the question of whether the materials and information were proprietary. Multiquip contends the information and materials provided by WMS/Muhs were derived from an Italian source, namely Gianfranco Parma, and were never confidential proprietary information belonging to WMS/Muhs. On the other hand, WMS/Muhs maintain the information and materials in question are undisputably their proprietary property. Resolving this central issue involves substantive matters going to the merits of both parties' claims which is not appropriate on

a motion for preliminary injunction.

As noted above, preliminary injunctions are discretionary and extraordinary. To be awarded such relief, the moving party must demonstrate they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Jacobsen v. Katzer, 609 F.Supp.2d 925, 936 (N.D. Cal. 2009). The Court finds WMS/Muhs have not satisfied this standard here. WMS/Muhs have not demonstrated they are likely to succeed on the merits of their claims. The parties appear to agree on many of the facts in this case including the existence of the agreements between them. However, the dispute over whether the materials and information in question here are the proprietary property of WMS/Muhs is central and well from settled in this case. Multiquip's complaint alleges that the information originated from another individual and was never confidential or proprietary. (Dkt. No. 1). WMS/Muhs, on the other hand, maintain the information is their own. Because this unresolved question impacts nearly all of the claims of the parties, the Court finds WMS/Muhs have failed to show a likelihood of success on the merits of their claims.

The Court further finds WMS/Muhs have failed to satisfy the remaining considerations for a preliminary injunction. The likelihood of irreparable injury is frequently found to exist in cases involving patents, trademarks, and copyrights. Here, however, it appears from the record that much of the damage alleged to be irreparable has already been suffered. For example, WMS/Muhs point to the damage to their reputation from the poor quality of the product produced by Multiquip. Such damage has already been incurred which would not be remedied by entering a preliminary injunction at this stage. As such, any damages to WMS/Muhs are economic. The Court also finds the WMS/Muhs have failed to show that the balance of equities tips in their favor and/or that an

Memorandum Order - 7

injunction is in the public interest.  Because WMS/Muhs have not satisfied the requirements for entry of a preliminary injunction, the Court denies the motion.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court HEREBY ORDERS that the Defendants' Motion for Preliminary Injunction (Dkt. No. 106) is **DENIED**.

DATED:  **December 16, 2009**

/s/ Edward J. Lodge
Honorable Edward J. Lodge
U. S. District Judge