UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| MULTIQUIP, INC., a California Corporation<br><br>   Plaintiff/Counterdefendant,<br><br>vs.<br><br>WATER MANAGEMENT SYSTEMS LLC, a Minnesota Limited Liability Company; DAVID MUHS and DIANN MUHS, Husband and Wife; AND JOHN DOES I-X;<br><br>   Defendants/Counterclaimants | Case No.: CV 08-403-S-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: MULTIQUIP, INC.'S MOTION FOR PROTECTIVE ORDER**<br><br>**(Docket No. 67)** |

Currently pending before the Court is Multiquip Inc.'s Motion for Protective Order (Docket No. 67). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

### DISCUSSION

On November 23, 2009, this Court took up Defendants' Motion to Exclude Evidence, individual Motion Nos. 4 and 5 (Docket No. 87), ultimately excluding certain e-mail correspondence attached as an exhibit to Plaintiff's Motion for Protective Order. *See* 11/23/09 MDO (Docket No. 145). In this light, the relief requested within Plaintiff's Motion for Protective Order is now understandably limited.

Local Rule 83.5(a) requires that "[a]ll members of the bar of the District Court . . . for the District of Idaho . . . and all attorneys permitted to practice in this Court must familiarize themselves with and comply with the Idaho Rules of Professional Conduct of the Idaho State Bar

**MEMORANDUM DECISION AND ORDER - 1**

and the decisions of any court interpreting such rules.  *See* Dist. Idaho Loc. Civ. R. 83.5; *see also Balivi Chemical Corp. v. JMC Ventilation Refrigeration, LL*C, 2008 WL 313792 (D. Idaho 2008) (unreported).  With this in mind, counsel for Plaintiff and Defendants acknowledge that the Idaho Rules of Professional Conduct forbid a lawyer from offering inducements to a witness. *See* Idaho R. Prof. Conduct 3.4(b).  Therefore, to the extent Plaintiff's Motion for Protective Order requests that no party compensate any witness beyond the statutorily mandated witness fees (*see* Mem. in Supp. of Mot. for Prot. Order, p. 10 (Docket No. 68)),[1] said request is granted. In doing so, the Court is not expressing any opinion as to Defendants' counsel's alleged conduct toward Mr. Gianfranco Parma and, relatedly, is not expressing any opinion as to what may or may not be appropriate conduct within this particular context.

However, because the e-mail exchange driving Plaintiff's Motion for Protective Order is privileged and, thus, excluded from consideration here (*see* 11/23/09 MDO (Docket No. 145)), there appears to be no justification for the additional relief sought by Plaintiffs.  That is, based upon the record at this time, the Court will not prohibit Defendants (or any other party) from engaging in any *ex parte* communication with Gianfranco Parma or, likewise, restrict Defendants (or any other party's) contact with Mr. Parma to a single deposition.  *See id.* at pp. 10-11. Relatedly, if/when Mr. Parma is deposed, the Court sees little reason for Defendants to account for Plaintiff's associated expenses (including costs or transcripts and travel) (*see id*. at p. 11),

---

[1] Actually, Plaintiff's Motion for Protective Order requests a protective order specifically prohibiting *Defendants* "from compensating or offering to compensate Gianfranco Parma . . . in any way other than the statutorily mandated witness fees."  *See* Mem. in Supp. of Mot. for Prot. Order, p. 10 (Docket No. 68).  The Court sees little utility in directing such a limitation to one party and/or one witness when the Idaho Rules of Professional Conduct apply equally to all parties and their counsel.  This Memorandum Decision and Order, therefore, serves to buttress the mandates of these Rules, directing their across-the-board application to all entities here.

**MEMORANDUM DECISION AND ORDER - 2**

particularly when Plaintiff acknowledges that Mr. Parma is "a key fact witness in this case" (*see id*. at p. 2) and, as a result, would likely be deposed in any event.

Assuming Mr. Parma's deposition is taken, Plaintiff's counsel is certainly free to question him about any and all contact (and the nature of that conduct) he may have had with Defendants, Defendants' counsel, or anyone else that may speak to any improper inducements he or his family may have been presented with, relating to this action.  Notwithstanding the exclusion of the at-issue e-mail exchange (*see* 11/23/09 MDO (Docket No. 145)), FRCP 11 requires the Court to rely upon the clarification provided by Defendants' counsel to explain and provide context to the allegedly offending conduct.  Importantly, FRCP 11 also provides guidance on the sanctions that may be imposed in the event FRCP 11(b)'s attorney-certification requirement is violated.  Still, it must be said that these allegations necessarily trouble the Court; if confronted with a more fully-developed record on this same issue in the future, the Court will further consider whether sanctions or other actions against a party or its counsel may be appropriate.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED THAT Multiquip Inc.'s Motion for Protective Order (Docket No. 67) is GRANTED only insofar as no party may compensate any witness beyond the statutorily mandated witness fees.  All other requests for relief are DENIED, each party to bear its own costs and fees.

DATED:  **December 28, 2009**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 3**