UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| MULTIQUIP, INC., a California Corporation<br><br>　　Plaintiff/Counterdefendant,<br><br>　　vs.<br><br>WATER MANAGEMENT SYSTEMS LLC, a Minnesota Limited Liability Company; DAVID MUHS and DIANN MUHS, Husband and Wife; AND JOHN DOES I-X;<br><br>　　Defendants/Counterclaimants | Case No.: CV 08-403-S-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION TO QUASH MULTIQUIP'S SUBPOENA TO MUHS/WMS's ATTORNEY BRIAN TUFTE**<br><br>**(Docket No. 117)** |

　　Currently pending before the Court is Defendants' Motion to Quash Multiquip's Subpoena to Muhs/WMS's Attorney Brian Tufte (Docket No. 117). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

### DISCUSSION

　　There is no dispute that the subpoena in question was issued by the United States District Court for the District of Minnesota. *See* Ex. A to Tufte Decl. (Docket No. 117, Att. 3). Thus, in opposition to Defendants' Motion, Plaintiff argues that this Court does not have jurisdiction to quash any subpoena issued from *another* District. *See* Mem. in Opp. to Mot. to Quash, pp. 2-3 (Docket No. 127) (citing Fed. R. Civ. P. 45(c)(3)(A)). Defendants offer no response to Plaintiff's procedural argument.

**MEMORANDUM DECISION AND ORDER - 1**

It is true that FRCP 45(c)(3)(A) states that, "[o]n timely motion, the *issuing court* must quash or modify a subpoena . . . ." *See* Fed. R. Civ. P. 45(c)(3)(A) (Emphasis added). Moreover, as Plaintiff points out, the 1991 Advisory Committee Notes state in no uncertain terms that:

> [A] motion to quash a subpoena if it overbears the limits of the subpoena power must . . . be presented to the court for the district in which the deposition would occur. Likewise, the court in whose name the subpoena is issued is responsible for its enforcement.

*See* 1991 Adv. Comm. Notes to Fed. R. Civ. P. 45. Therefore, pursuant to FRCP 45, this Court may not quash or modify a subpoena issued by another court. Because the subpoena to Mr. Tufte was issued by the District of Minnesota, Defendants' Motion - filed in this Court - is procedurally flawed. *See, e.g.*, *Chick-Fil-A v. Exxonmobil Corp.*, 2009 WL 2242392, *1 (S.D. Fla. 2009) ("The subpoena for Henderson was issued out of the Northern District of Georgia, and the deposition is to take place in Atlanta, Georgia. [The Southern District of Florida], therefore, does not have the authority to decide the [emergency motion to quash subpoena and for protective order]."); *see also* 9A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure*, 2463.1 (3d ed. 2008) (FRCP 45 "make[s] clear that motions to quash, modify, or condition the subpoena are to be made in the district court of the district from which the subpoena issued. This makes considerable sense. It is the issuing court that has the necessary jurisdiction and the person served with it to enforce the subpoena.").[1]

---

[1] Additionally, Defendants' alternative relief via a protective order (*see* Mot. to Quash, p. 3 (Docket No. 117)), would amount to an end-run around FRCP 45 which this Court is not interested in allowing. In *Chick-Fil-A v. Exxonmobil Corp.*, 2009 WL 2242392, *1 (S.D. Fla. 2009), the Southern District of Florida rejected a movant's efforts to secure a protective order (in addition to quashing the subpoena altogether) under similar circumstances, reasoning:

> It would defeat the purpose of Rule 45(a)(2)(B) (requiring that the subpoena issue from the court for the district where the deposition is to be taken) and Rule 45(c)(3)(A) (requiring the issuing court to quash or modify a subpoena when the subpoena would invade a privileged area or result in an undue

**MEMORANDUM DECISION AND ORDER - 2**

Accordingly, Defendants' Motion (Docket No. 117) is denied without prejudice to file the Motion in the District of Minnesota.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Defendants' Motion to Quash Multiquip's Subpoena to Muhs/WMS's Attorney Brian Tufte (Docket No. 117) is DENIED without prejudice.



DATED:  **December 29, 2009**

Honorable Ronald E. Bush
U. S. Magistrate Judge

---

burden) were a party able to achieve the requested relief (the quashing of a subpoena) via a motion for protective order directed to the court where the underlying case is pending.

*See Chick-Fil-A*, 2009 WL 2242392 at *1.  This same rationale is persuasive here.

**MEMORANDUM DECISION AND ORDER - 3**